IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**SEAN SCIPIO, SR.,**

        **Plaintiff,**

          **vs.**

**CITY OF STEUBENVILLE,**
**OHIO,** *et al.*,

        **Defendants.**

                                    **Civil Action 2:05-CV-759**

                                    **Magistrate Judge King**


## OPINION AND ORDER

On March 12, 2007, the day trial was originally scheduled in this action, plaintiff filed a one-page medical billing summary ("*Billing Summary*") which was docketed as "Exhibit List (single exhibit - medical expenses)."  Doc. No. 80.  The *Billing Summary* appears to be from the office of one Dr. Robert Mark Fumich and appears to list medical charges incurred from visits beginning on November 22, 2005, through September 28, 2006. *See id.*  The name of the patient appears to have been redacted;  however, plaintiff's address appears on the document. *See id.* Also appearing at the bottom of the document is the handwritten notation: "Total Charges $5355.00." *See id.*  Finally, the *Billing Summary* indicates that the Ohio Department of Human Services (Medicaid) paid for the medical services referred to in this document. *See id.*

This matter is before the Court on *Defendants' Motion in Limine to Exclude Billing Summary*.  Doc. No. 95.  In that motion, defendants ask that the *Billing Summary* be excluded from use at trial in this action because plaintiff did not comply with Fed. R. Civ. P. 26, did not produce the document as requested in discovery, did not disclose it as an exhibit by the Court

imposed deadline of January 22, 2007, and did not disclose his intention to use the *Billing*

*Summary* as an exhibit at trial in his *Final Pretrial Order*.  Further, defendants argue that, even if

plaintiff had properly disclosed the *Billing Summary*, it still should be excluded because it is not

relevant, has not been authenticated and is inadmissible hearsay.

In opposition, plaintiff argues that he should be permitted to rely on the *Billing Summary*

to corroborate the deposition testimony of plaintiff and his wife to the effect that plaintiff was

seen by a doctor on "that date."  *Pro se Plaintiff's Motion to Respond to Medicaid Billing*

*Records Motion* ("*Plaintiff's Opposition*") at 2.  The main thrust of *Plaintiff's Opposition*,

however, is his insistence that the Court has unfairly forced plaintiff to proceed *pro se* and has

improperly denied his request for another extension of time in which to attempt to obtain

counsel.  *Id.* at 1-3.[1]  Plaintiff's arguments are not well-taken.

To the extent that plaintiff requests postponement of the current trial date, *i.e.*, May 23,

2007, in order to provide an additional opportunity to obtain substitute counsel, that request is

**DENIED**.  Plaintiff's decision to terminate the services of his trial counsel was made after this

case had been scheduled for a second time for trial. Doc. No. 93.  After the filing of his counsel's

motion for leave to withdraw on April 5, 2007, this Court advised plaintiff of the consequences

---

[1]Plaintiff also complains that, contrary to the statements made in Doc. Nos. 90, 106, Judge Watson did not deny *Plaintiff's Motion to Conform the Pleadings to the Evidence*, Doc. No. 70, at the hearing held before him on March 12, 2007.  Plaintiff now asks that this Court consider that motion and "reconsider" Judge Watson's dismissal of plaintiff's claim under the Americans with Disabilities Act ["the ADA"], Doc. No. 58, and Judge Watson's grant of summary judgment on plaintiff's claims against the City of Steubenville, Doc. No. 61.  Even assuming that Judge Watson did not deny *Plaintiff's Motion to Conform the Pleadings to the Evidence*, this Court denies that motion for the reasons stated in its April 27, 2007, *Opinion and Order*, Doc. No. 106. Moreover, plaintiff offers no persuasive reason to reconsider Judge Watson's dismissal of plaintiff's claims under the ADA and against the City of Steubenville.

of his decision and of the options available to him, and offered plaintiff the opportunity to

reconsider that decision.  Doc. No. 94.  Plaintiff persisted in his intention to terminate the

services of his counsel, Doc. No. 96, and, in Doc. No. 98, the Court expressed its willingness to

continue the trial date should substitute counsel enter an appearance by May 16, 2007.  Thus,

plaintiff has had more than one month since the initial motion for leave to withdraw in which to

obtain substitute counsel, and still has two more weeks to effect a substitution of counsel.  The

Court is unwilling under these circumstances to grant plaintiff any further extensions of time.

With regard to defendants' motion in *limine*, the Court concludes, as defendants correctly

explain in their motion, that there are several alternative bases on which to disallow plaintiff's

use of the *Billing Summary*.

Under Fed. R. Civ. P. 26,  "a party must, without awaiting a discovery request, provide to

other parties . . . (B) a copy of, or a description by category and location of, all documents,

electronically stored information, and tangible things that are in the possession, custody, or

control of the party and that the disclosing party may use to support its claims or defenses . . . .."

Fed. R. Civ. P. 26(a)(1)(B).  Plaintiff has failed to comply with this requirement in connection

with the *Billing Summary*.  Rule  37(c)  of the Federal Rules of Civil Procedure provides that

"[a] party that without substantial justification fails to disclose information required by Rule

26(a) . . .is not, unless such failure is harmless, permitted to use as evidence at a trial . . .

information not so disclosed."  Defendants argue that plaintiff's disclosure of the *Billing*

*Summary* on March 12, 2007, is not harmless because defendants have not had the opportunity to

conduct discovery to verify the authenticity of the *Billing Summary*, to investigate the

reasonableness of the charges, and to determine to what extent the charges are related to

plaintiff's claims.  Thus, defendants conclude that admission of the *Billing Summary* will unduly prejudice them.  This Court agrees. Plaintiff's failure to comply with Fed. R. Civ. P. 26(a) in connection with the *Billing Summary*  is sufficient reason to exclude the use of this exhibit at trial.  *See* Fed. R. Civ. P. 37(c).

Moreover,  the *Billing Summary* is of questionable relevance.  Plaintiff represents that the *Billing Summary* will be used for the purpose of corroborating the deposition testimony of plaintiff and his wife.  Specifically, plaintiff contends that this document will support the assertion that he saw a doctor on "that date."  However, the date at issue is the date on which plaintiff alleges that he was subjected to excessive force.  *See also Plaintiff's Proposed Final Pretrial Order*, Doc. No. 60.  The *Billing Summary* appears to relate to medical visits that took place more than two (2) years after the events alleged in the *Complaint*.  In any event, if the exhibit is offered only to corroborate the testimony of plaintiff and his wife, it is merely cumulative at best.

The parties' initial disclosures under Fed. R. Civ. P. 26(a)(1) were due November 23, 2005.  *See* Doc. No. 10.  The parties' exhibit lists were due January 22, 2007. *See* Doc. No. 26. Plaintiff's production of the *Billing Summary* on March 12, 2007, failed to meet either of these dates.  Rule 16(b) of the Federal Rules of Civil Procedure "permits modification to the scheduling order 'upon a showing of good cause and by leave of the . . . judge.'"  *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).  By way of explanation for the failure to meet these deadlines, plaintiff states only that he had a difficult time obtaining his medical records. The Court concludes that plaintiff has failed to offer good cause for the failure to abide by the deadlines established by this Court..

Finally, the *Billing Summary* is of no evidentiary value because it is unauthenticated.

The Federal Rules of Evidence provide in pertinent part:

> Requirement of Authentication or Identification
>
> (a) General provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

Fed. R. Evid. 901(a).  It does not appear that any of the witnesses identified by plaintiff could testify as to the genuineness of this document, nor has plaintiff offered any other means of authentication.

**WHEREUPON**, for all these reasons, *Defendants' Motion in Limine to Exclude Billing Summary*, Doc. No. 95, is **GRANTED**.


<u>May 2, 2007</u>                                              *s/ Norah McCann King*
Date                                              Norah McCann King
                                              United States Magistrate Judge