IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SEAN SCIPIO, SR.,**
    **Plaintiff,**

    vs.

**CITY OF STEUBENVILLE,
OHIO,** *et al.*,
    **Defendants.**

**Civil Action 2:05-CV-759**

**Magistrate Judge King**

## OPINION AND ORDER

This matter is before the Court on *Plaintiff's Motion in Limine to Exclude Witnesses Samuel Faulkner and Michael McVey* ("*Plaintiff's Motion in Limine*"). Doc. No. 84. For the reasons that follow, plaintiff's motion is **DENIED**.

### I. BACKGROUND

On March 14, 2007, plaintiff filed *Plaintiff's Motion in Limine*, asking that defendants be precluded from calling as witnesses at trial Samuel Faulker and Michael McVey. Doc. No. 84. On April 4, 2007, defendants filed *Defendants' Memorandum in Opposition to Plaintiff's Motion in Limine to Exclude Witnesses Samuel Faulkner and Michael McVey* ("*Defendants' Memorandum in Opposition*"), Doc. No. 92, and on May 4, 2007, plaintiff filed his reply in support of his motion *in limine* ("*Plaintiff's Reply*"), Doc. No. 109.

### II. STANDARD OF REVIEW

Plaintiff invokes Rule 37 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to

>use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c).  *See also Sommer v. Davis*, 317 F.3d 686, 691-92 (6th Cir. 2003) (denial of motion *in limine* to exclude expert not disclosed under Fed. R. Civ. P. 26).  "[H]armlessness . . . is the key under Rule 37, not prejudice." *Id.* at 692.

Whether or not to impose sanctions under Rule 37 is left to the sound discretion of the trial court.  *Id.* (citing *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 551 (6th Cir. 1994)).

## III.    DISCUSSION

Plaintiff contends that defendants failed to provide an expert report for Samuel Faulkner as required Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and did not name Michael McVey as a witness to be used at trial until they filed their proposed final pretrial order on February 5, 2007.  *Plaintiff's Motion in Limine* at 1.  Based on these alleged failures, plaintiff argues that the exclusion of these two witnesses is appropriate under Rule 37(c) of the Federal Rules of Civil Procedure.

### A.    Samuel Faulkner

Plaintiff contends that defendants failed to produce Samuel Faulkner's expert report as required under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.  *Id.*  Moreover, plaintiff claims that he was prejudiced by defendants' failure in that he has been deprived of the ability to be "truly appraised and fully informed as to the substance of" Mr. Faulkner's opinions.  *Id.* at 2.  Plaintiff's argument is not well-taken.

Defendants timely filed their expert disclosure on June 5, 2006, naming Mr. Faulkner as an expert and stating that the required report was attached to the notice. Doc. No. 20.  However, Mr. Faulkner's report was not in fact attached to that notice.  Plaintiff's counsel apparently made

no effort to obtain the report or to point out defendants' oversight. *Affidavit of Robert H. Stoffers*[1] ("*Stoffers Aff.*") ¶¶ 9, 10 attached to *Defendants' Memorandum in Opposition*. Mr. Faulkner's preliminary expert report was attached to defendants' October 23, 2006, memorandum in support of their motion for summary judgment. *See Defendants' Motion for Summary Judgment,* Doc. No. 34*, Exhibit 14*. Indeed, plaintiff utilized that report in opposing the motion for summary judgment. *Plaintiff's Response Memorandum in Opposition to Defendants' Motion for Summary Judgment,* Doc. No. 59, at 14 ("what Defense Expert William Faulkner terms a 'context condition'. . . .")

Defendants aver that their failure to attach Mr. Faulkner's expert report was simply an honest mistake. *Stoffers Aff.* ¶¶ 3-5. The United States Court of Appeals for the Sixth Circuit explained that "the advisory committee's notes to Rule 37(c) strongly suggests that 'harmless[ness]' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Sommer*, *supra*, 317 F.3d at 692 (citation omitted). In the present case, it is clear that defendants' failure to electronically file Mr. Faulkner's expert report with their timely expert designation was an honest mistake. Further, plaintiff had sufficient notice of the substance of Mr. Faulkner's report by its submission as an exhibit to defendants' motion for summary judgment, as evidenced by plaintiff's reliance on that report in his memorandum *contra* defendants' motion.

Accordingly, as it relates to the testimony of Samuel Faulkner, *Plaintiff's Motion in Limine* is **DENIED**.

B. **Michael McVey**

---

[1] Mr. Stoffers is the trial attorney for defendants. *Stoffers Aff.* ¶ 1.

Plaintiff contends that defendants failed to identify Michael McVey as a witness until the proposed final pretrial order; he claims that he has been prejudiced by this failure because he was unable to depose Mr. McVey. *Id.* at 1-2. Defendants, however, have established that they did indeed disclose Mr. McVey as a potential witness in their initial disclosures more than one and one-half years ago. *Stoffers Aff.* ¶ 11 and *Exhibit B* attached thereto. Thus, there is simply no basis to exclude Mr. McVey's testimony.[2] Accordingly, as it relates to the testimony of Michael McVey, *Plaintiff's Motion in Limine* is **DENIED**.

**WHEREUPON** *Plaintiff's Motion in Limine*, Doc. No. 84, is **DENIED**.


May 8, 2007                                     *s/ Norah McCann King*
Date                                            Norah McCann King
                                                United States Magistrate Judge

---

[2]In *Plaintiff's Reply*, plaintiff admits that he and his attorney expressly considered whether to depose Mr. McVey and decided against that course of action. *Plaintiff's Reply* at 3. Further, plaintiff replies that he and his attorney decided to remove Mr. McVey as a potential witness from plaintiff's witness list. *Id.* The Court notes that these admissions, although irrelevant to the issue of whether defendants timely designated Mr. McVey as a potential witness in this action, are in direct contravention of plaintiff's assertion of prejudice in his motion *in limine*.