IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SEAN SCIPIO, SR.,**

    **Plaintiff,**

    vs.                                          **CIVIL ACTION  2:05-CV-759**
                                                    **MAGISTRATE JUDGE KING**

**CITY OF STEUBENVILLE,
OHIO,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

With the consent of the parties, 28 U.S.C. § 636(c), this matter is before the Court on *Plaintiff's Motion for Leave to Reopen Discovery / Motion to Amend Final Pretrial Order* ("*Plaintiff's Motion*").  Doc. No. 120.  For the reasons that follow, plaintiff's motion is **GRANTED**.

The date for designating experts and for the completion of discovery are long past.  *See* Doc. Nos. 10, 29.  *Plaintiff's Motion* requests permission to designate as experts two of plaintiff's treating physicians, Drs. Ross and Fumich, and to reopen discovery in connection with medical issues.

Defendants oppose *Plaintiff's Motion*, Doc. No. 121, arguing that plaintiff's failure to timely designate experts violates this Court's *Preliminary Pretrial Order,* Doc. No. 10, and to permit him to now do so would cause prejudice to them because defendants do not know the substance of the intended expert testimony, because the physicians' records do not support plaintiff's claims and because grant of the motion would undermine the viability of the

September 17, 2007, trial date -- *i.e.,* the third trial date set in this action.

Rule 16(b) of the Federal Rules of Civil Procedure "permits modification to the scheduling order 'upon a showing of good cause and by leave of the [trial] judge.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (quoting Fed. R. Civ. P. 16(b)). Although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is also a factor to be considered. *Inge v. Rock Financial Corp.*, 281 F.3d 613 (6th Cir. 2002). A trial court has broad discretion to modify its own pretrial orders. *Surbella v. Foley*, Case No. 2:05-cv-0758, 2006 U.S. Dist. LEXIS 55749, *7 (S.D. Ohio August 10, 2006). This Court concludes that plaintiff has shown good cause to modify the schedule.

Primary experts were to have been designated by April 3, 2006. *Preliminary Pretrial Order,* Doc. No. 10.[1] Until shortly before that date, plaintiff was represented only by an attorney who was later suspended from the practice of the law. The Court is disinclined to hold plaintiff personally responsible for the default of this attorney. Defendants also object to plaintiff's request because, they allege, plaintiff's treatment records do not support the claims asserted in this action. This Court declines to consider, in the context of a scheduling motion, an issue going to the merits of the case -- particularly where there has not been full discovery on that issue.

Finally, defendants claim prejudice in the form of yet another continuance of the trial date. The Court agrees that yet another continuance of the trial date is unwarranted. That said, however, the Court believes that plaintiff's current request can be accommodated without the

---

[1] Defendants made their expert designations on June 5, 2006. *Notice,* Doc. No. 20.

need to once again continue the trial date.

Accordingly, *Plaintiff's Motion*, Doc. No. 120, is **GRANTED.**  Plaintiff may have until July 12, 2007, to make the appropriate expert designation of his treating physicians, Drs. Ross and Fumich.[2]  Defendants may have until August 12, 2007, to make any rebuttal expert designations.  All discovery, both expert and non-expert, necessitated by the grant of plaintiff's motion must be completed no later than August 26, 2007.  The parties shall tender, no later than September 5, 2007, a proposed amended final pretrial order to reflect the modifications authorized by this *Opinion and Order*.


June 12, 2007                                             s/ Norah McCann King
Date                                                              Norah McCann King
                                                                    United States Magistrate Judge

---

[2]The designation of non-specially retained experts must consist of "(1) the identity of the expert, (2) an articulation of the substance of the testimony expected to be provided by the expert, and (3) the bases of any opinion expected to be offered by the expert." *Preliminary Pretrial Order,* at p.2, Doc. No. 10.